IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID HATCHIGIAN and JOAN RANDAZZO | : : : | CIVIL ACTION |
| v. | : : | |
| AAA MID-ATLANTIC MEMBER RELATIONS and AMERICAN AUTOMOTIVE ASSOCIATION | : : : | NO. 19-4740 |

## MEMORANDUM

**Padova, J.**                                                                                                      **May 27, 2020**

Pro se Plaintiffs David Hatchigian and Joan Randazzo commenced this action against Defendants AAA Mid-Atlantic Member Relations and American Automotive Association (collectively "AAA")[1] in the Court of Common Pleas of Philadelphia County, alleging that AAA denied Plaintiffs the benefits of a contract that Plaintiffs had entered into with AAA for emergency roadside assistance, and that AAA unilaterally terminated this policy without giving Plaintiffs notice. AAA Club Alliance, Inc. subsequently removed the action to this Court on October 11, 2019, asserting that this Court has diversity jurisdiction. Before the Court is Plaintiffs' Motion to Remand. For the reasons that follow, we grant the Motion.

---

[1] AAA Club Alliance, Inc. filed the Notice of Removal, stating that it was improperly identified in the Complaint as Defendants "AAA Mid-Atlantic Member Relations" and "American Automotive Association." (Notice of Removal at 1.) Plaintiffs, however, do not agree that they have misidentified the Defendants and have not agreed to substitute AAA Club Alliance, Inc. as a defendant and dismiss AAA Mid-Atlantic Member Relations and American Automotive Association from this suit.

**I.     BACKGROUND**

The Corrected Verified Complaint (the "Complaint") alleges the following facts. Plaintiffs were AAA Premier Members in good standing on September 12, 2018. (Compl. ¶¶ 2, 3.) As part of their membership in AAA, Plaintiffs were entitled to the following benefits: "'24/7 access to [AAA's] renowned Roadside Assistance program: towing, lockout service, out of fuel delivery, jump starts, and more.'" (Id. ¶ 9.) As Premier Members, Plaintiffs were also entitled to "Premier Benefits," which included "'battery service, tire change [service], out of fuel [service], lockout service, [and] extricating and [t]owing.'" (Id. ¶ 11). Plaintiffs were denied services to which they were entitled as Premier Members on at least two occasions, including an incident on September 15, 2018 and another on April 11, 2019. (Id. ¶¶ 3-4, 21.)

On September 15, 2018, Hatchigian called AAA's customer call center to request emergency lockout service to help him get into his locked vehicle, which was parked on his property in Philadelphia County. (Id. ¶ 3.) AAA created a Service Ticket; however, no one from AAA ever arrived to provide Hatchigian with this service. (Id. ¶¶ 3-4.) On September 18, 2018, after AAA failed to arrive, Hatchigian borrowed tools to open his locked car and replaced three lock cylinders. (Docket No. 1 at 49-55 of 200.) Hatchigian later contracted with Mikes Automotive for additional services connected with that vehicle. (Compl. ¶ 5.) Mikes Automotive helped him remove an old battery from his vehicle, install a new battery and cables, connect the compressor, and inflate the tires. (Id. ¶ 6.) Mikes Automotive also sold Hatchigian transmission fluid and diesel fuel, and started the new battery so that he could drive his vehicle to Radnor, Pennsylvania. (Id.) AAA told Hatchigian that it would not provide the requested lockout service because his vehicle did not have inspection tags and there is a state rule prohibiting the towing and servicing of vehicles without inspection tags. (Id. ¶ 13.) On October 12 and November 15, 2018,

Hatchigian wrote to AAA complaining about AAA's failure to provide the lockout service he had requested and requesting reimbursement for his out of pocket expenses.  (Id. ¶ 7; Docket No. 1 at 49-55 of 200.)  AAA never responded to Hatchigian's request.  (Compl. ¶ 7.)

On January 3, 2019, Hatchigian filed a breach of contract action against AAA in Philadelphia County Municipal Court, requesting compensatory damages for the out-of-pocket expenses he incurred as a result of AAA failing to provide him with the benefits to which he was entitled as a AAA Premier Member.  (Id. ¶ 16; Docket No. 1 at 56 of 200.)  The Municipal Court heard Hatchigian's lawsuit on March 25, 2019, and the Court entered judgment in AAA's favor.  (Compl. ¶ 19; Docket No. 1 at 65 of 200).)

On April 11, 2019, Plaintiffs' vehicle ran out of fuel and left Randazzo stranded at a train station in Upper Merion Township.  (Compl. ¶ 21.)  Randazzo called AAA to access the out of fuel services included as part of Plaintiffs' AAA Premier Membership.  (Id.)  Rather than providing the requested help, however, the AAA operator repeatedly put Randazzo on hold and hung up on her.  (Id.)  Unbeknownst to Plaintiffs, and despite Plaintiffs having renewed their Premier Membership with AAA on February 27, 2019, AAA had cancelled their membership.  (Id. ¶¶ 20-21.)  AAA had cancelled Plaintiffs' AAA membership in retaliation for Hatchigian's filing the January 3, 2019 Municipal Court action.  (Id. ¶ 20.)

The Complaint asserts eight claims under state law:  Negligence (Count One), Wrongful Termination of Benefits (Count Two), Breach of Contract (Count Three), Breach of Implied Warranty (Count Four), Breach of Written Services Warranty (Count Five), Violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL") (Count Six), Intentional Misrepresentation/Inducement (Count Seven), and Unjust Enrichment (Count Eight).  The Complaint seeks damages in the amount of $50,000.00, as well as actual, consequential,

contract and other damages, statutory damages, including treble damages, punitive damages, and costs of suit, fees, and attorneys' fees as provided by law.

As described above, this action originated with a complaint filed by Richard Hatchigian against AAA Mid-Atlantic Member Relations in the Philadelphia County Municipal Court. (Id. ¶ 16.) After the Municipal Court found in favor of AAA Mid-Atlantic Member Relations on March 25, 2019, Richard Hatchigian filed a notice of appeal of the Municipal Court verdict on April 23, 2019, which he sent to AAA Mid-Atlantic Member Relations on June 11, 2019. (Id. ¶¶ 16-19; Docket No. 1 at 62-65 of 200.) Plaintiffs jointly filed the instant Corrected Verified Complaint in the Philadelphia County Court of Common Pleas on September 6, 2019. (Docket No. 1 at 8-48 of 200.) AAA removed this action to the United States District Court for the Eastern District of Pennsylvania on October 11, 2019, contending that this Court has diversity jurisdiction over this proceeding pursuant to 28 U.S.C. § 1332. Plaintiffs filed the instant Motion to Remand on October 25, 2019.

## II.  LEGAL STANDARD

According to the removal statute 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States . . . ." 28 U.S.C. § 1441(a). Congress has conferred original jurisdiction to district courts in cases of federal question or diversity. Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 552 (2005) (citing 28 U.S.C. §§ 1331, 1332). Pursuant to 28 U.S.C. § 1332, district courts have diversity jurisdiction over civil actions where "the matter in controversy exceeds the sum or value of $ 75,000 and is between 'citizens of different states.'" McCann v. Newman Irrevocable Tr., 458 F.3d 281, 286 (3d Cir. 2006) (quoting 28 U.S.C. § 1332(a)(1)). If the district court determines that it lacks subject matter jurisdiction,

remand is mandatory. 28 U.S.C. § 1447(c). The defendant bears the burden of establishing removal jurisdiction. Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990); see also Frederico v. Home Depot, 507 F.3d 188, 193 (3d Cir. 2007) (stating that the removing party "bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court") (citations omitted). "Moreover, the removal statute is 'to be strictly construed against removal and all doubts should be resolved in favor of remand.'" Sdregas v. Home Depot, Inc., Civ. A. No. 01-5851, 2002 WL 32349815, at *2 (E.D. Pa. Apr. 5, 2002) (quoting Boyer, 913 F.2d at 111).

### III. DISCUSSION

Plaintiffs move to remand this case to the Philadelphia County Court of Common Pleas on the ground that AAA has failed to meet its burden of showing that this Court has diversity jurisdiction over this action. Plaintiffs do not dispute that the parties are citizens of different states; rather, Plaintiffs argue that the amount in controversy for this case does not exceed $75,000.[2] See 28 U.S.C. § 1332(a).

In ascertaining the amount in controversy in removal cases, courts first look to the complaint. Samuel-Bassett v. KIA Motors Am., Inc., 357 F.3d 392, 398 (3d Cir. 2004). AAA removed this action on the basis of diversity jurisdiction, so the sum demanded in good faith in the Complaint is normally deemed to be the amount in controversy. 28 U.S.C. § 1446(c)(2). The Complaint asserts an open-ended claim for damages in excess of $50,000.[3] (See Compl. ¶ 102(a).)

---

[2] Plaintiffs also argue that this action should be remanded to state court because the named Defendants AAA Mid-Atlantic Member Relations and American Automotive Association have not consented to the removal of this action. See 28 U.S.C. § 1446(b)(2)(A). However, because we grant Plaintiffs' Motion to Remand on other grounds, we need not address this argument.

[3] We note that Plaintiffs maintain in their Memorandum that they are not seeking "relief beyond $50,000.00 in damages," and therefore, the $75,000 threshold for diversity jurisdiction

5

"However, where[, as here,] 'the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded,' removal is proper only if the court finds, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.00."[4] Evans v. Zhang, Civ. A. No. 17-3801, 2017 WL 4547912, at *1 (E.D. Pa. Oct. 12, 2017) (quoting 28 U.S.C. § 1446(c)(2)(A)(ii)-(B)); see also Dorley v. Save-A-Lot, Civ. A. No. 16-4510, 2016 WL 6213074, at *3 (E.D. Pa. Oct. 25, 2016) (determining that the defendants must prove by a preponderance of the evidence that the plaintiff's claims exceed $75,000 because "Pennsylvania does not permit a demand for a specific sum, and [the plaintiff] seeks open-ended damages in excess of $50,000" (quotation marks omitted) (citing Pa. R. Civ. P. 1021(b)) (additional citations omitted)); Dart Cherokee Basin Operating Co. v. Owens, 574 U.S. 81, 88 (2014) ("If the plaintiff contests the defendant's [amount in controversy] allegation, § 1446(c)(2)(B) instructs: '[R]emoval . . . is proper on the basis of an amount in controversy asserted' by the defendant 'if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds' the jurisdictional threshold" (second and third alterations in original)).

---

cannot be met in this case. (Mot. at 7-8.) However, when we consider a plaintiff's motion to remand, "we are confined solely to the Complaint at the time it was filed." S.B. v. United of Omaha Life Ins. Co., Civ. A. No. 13-1463, 2013 WL 2915973, at *3 (E.D. Pa. June 13, 2013) (citations omitted). Accordingly, where "[n]o such offer to cap the damages exists within the Complaint, . . . Plaintiffs' post-removal attempt to limit their claims does not affect the amount in controversy analysis." Id. (citing DiBattista v. Dixon, Civ. A. No. 09-3086, 2009 WL 2245060, at *2 (E.D. Pa. July 27, 2009)).

[4] Rule 1021(b) of the Pennsylvania Rules of Civil Procedure provides that "[a]ny pleading demanding relief for unliquidated damages shall not claim any specific sum." Pa. R. Civ. P. 1021(b). Here, because the Complaint demands relief for unliquidated damages (see Compl. ¶ 102), Plaintiffs could not request a specific sum in the Complaint.

6

"Preponderance of the evidence means 'proof to a reasonable probability that jurisdiction exists.'" Jesmar Energy, Inc. v. Range Res.-Appalachia, LLC, Civ. A. No. 17-928, 2017 WL 4572526, at *3 (W.D. Pa. Oct. 13, 2017) (quoting Frederico, 507 F.3d at 195 n.6). Since the burden of establishing jurisdiction always lies with the removing defendant, it is Defendants' obligation to establish by a preponderance of the evidence the requisite jurisdictional amount. See Heffner v. LifeStar Response of New Jersey, Inc., Civ. A. No. 13-194, 2013 WL 5416164, at *7 (E.D. Pa. Sept. 27, 2013). "While Defendants are not obligated to research, state, and prove [Plaintiffs'] claims for damages, they must present facts sufficient to establish that [Plaintiffs] would more likely than not recover more than the jurisdictional amount . . . ." Lohr v. United Fin. Cas. Co., Civ. A. No. 09-752, 2009 WL 2634204, at *4 (W.D. Pa. Aug. 25, 2009) (first and second alterations in original) (quotation omitted). Moreover, for purposes of determining the amount in controversy, "[t]he amount of damages available depends not on the number of theories of liability or causes of action, but on the extent of the injury or harm." Heffner, 2013 WL 5416164, at *6 (citation omitted); see also Suber v. Chrysler Corp., 104 F.3d 578, 588 (3d Cir. 1997) ("[I]f [the plaintiff's] claims are alternative bases of recovery for the same harm under state law, [the plaintiff] could not be awarded damages for both, and a court should not aggregate the claims to arrive at the amount in controversy.").

To determine whether AAA has carried its burden of showing, by a preponderance of the evidence, that the amount in controversy exceeds $75,000, we first examine whether AAA has submitted any evidence that would allow us to quantify Plaintiffs' damages. See Heffner, 2013 WL 5416164, at *7 ("[D]efendant bears the burden of proving, by a preponderance of evidence, that the compensatory damages, punitive damages, and costs and fees, plus reasonable attorney fees are in excess of the federal jurisdictional minimum amount in controversy."). AAA has

submitted no evidence and relies entirely on the Complaint and its exhibits. The Complaint asserts claims for compensatory damages (Compl. ¶ 102(a)-(b)), statutory damages (id. ¶ 102(c)), punitive damages (id. ¶ 102(d)), and costs of litigation, including attorneys' fees, even though Plaintiffs appear pro se in this proceeding (id. ¶ 102(e)).

The exhibits to the Complaint contain evidence regarding the value of Plaintiffs' claim for compensatory damages. Specifically, those exhibits include receipts for amounts that Plaintiffs claim they paid for repairing and servicing their vehicle as a result of AAA's misconduct: (1) $240.00 for vehicle repairs and gasoline paid on September 13, 2018 (Docket No. 1 at 96 of 200); (2) $480.77 for parts and labor paid between September 15 and 22, 2018 (id. at 52-54 of 200); (3) $100.00 for diesel fuel delivery paid on April 11, 2019 (id. at 82 of 200); (4) $225.00 for towing services paid on May 11, 2019 (id. at 88 of 200); (5) $75.00 for a gas can and five gallons of fuel paid on July 15, 2019 (id. at 93-94 of 200); and (6) $350.00 for vehicle repairs paid on July 26, 2019 (id. at 98-99 of 200). Plaintiffs' out-of-pocket costs shown on these receipts total $1470.77.[5] If Plaintiffs were to succeed on their claim for treble statutory damages pursuant to the UTPCPL, the resulting statutory award would be $4,412.31. See 73 Pa. Stat. Ann. § 201-9.2(a) (authorizing an "award up to three times the actual damages sustained" as a result of a defendant's unlawful methods, acts, or practices); Samuel-Bassett, 357 F.3d at 401 ("To test the upper limits of the range for the jurisdictional amount, the resulting computation may be trebled under the Consumer Protection Law." (citations omitted)). Even assuming we could aggregate Plaintiffs' claims for compensatory and statutory damages, the total damages, excluding punitive damages, litigation costs, and attorneys' fees, would amount to $5,883.08.

---

[5] To the extent that Plaintiffs seek compensation for the $257 policy renewal fee that they paid to AAA on February 27, 2019 (see Compl. ¶ 21; Docket No. 1 at 83 of 200), the resulting calculation would be $1727.77 and would not change our analysis.

This total falls well below the $75,000 jurisdictional threshold.  Thus, Defendants must prove, by a preponderance of the evidence, that the likely value of Plaintiffs' remaining claims—for punitive damages and costs and fees—exceeds $69,116.92.  See Packard v. Provident Nat. Bank, 994 F.2d 1039, 1046 (3d Cir. 1993) ("When both actual and punitive damages are recoverable, punitive damages are properly considered in determining whether the jurisdictional amount has been satisfied." (citations omitted)); Suber, 104 F.3d at 585 ("Although 28 U.S.C. § 1332 excludes 'interest and costs' from the amount in controversy, attorney's fees are necessarily part of the amount in controversy if such fees are available to successful plaintiffs under the statutory cause of action." (citation omitted)).  However, AAA has failed to submit any evidence that would support such a determination.  The exhibits to the Complaint supply information related only to Plaintiffs' claim for compensatory and statutory damages.  Without more, we are left to guess whether the amount in controversy exceeds $75,000.  "Where the court is left to guess at whether the jurisdictional threshold has been met, . . . a removing defendant has not carried its burden." Dorley, 2016 WL 6213074, at *2 (quotation omitted).  Consequently, we conclude that AAA has failed to satisfy its burden of proving by a preponderance of the evidence that Plaintiffs seek to recover more than the jurisdictional amount of $75,000.  We therefore further conclude that AAA has not met its burden of showing that the amount in controversy is sufficient to support federal diversity jurisdiction under 28 U.S.C. § 1332(a) and we grant the Motion to Remand.[6]

---

[6] In its Response to Plaintiffs' Motion to Remand, AAA contends that the mere fact that Plaintiffs request punitive damages elevates the amount in controversy beyond the $75,000 jurisdictional threshold.  AAA maintains that the likely value of Plaintiffs' claim for punitive damages can be calculated by applying a single digit multiplier to compensatory damages.  See State Farm Mut. Auto. Ins. Co. v. Campbell, 538 U.S. 408, 425 (2003) ("[F]ew awards exceeding a single-digit ratio between punitive and compensatory damages, to a significant degree, will satisfy due process.").  According to AAA, even if we were to apply "a single digit multiplier equal to two" to Plaintiffs' open-ended demand of $50,000, the amount in controversy would exceed the $75,00 jurisdictional threshold.  (Resp. at 6); see, e.g., Hatchigian v. State Farm Ins. Co., Civ. A.

Plaintiffs request an award of attorneys' fees incurred as a result of AAA's removal.[7] "Under 28 U.S.C. § 1447(c) the Court, in entering a remand order, has discretion to make an award of costs and attorney's fees." Morris v. Brandeis Univ., Civ. A. No. 99-2642, 1999 WL 817723, at *5 (E.D. Pa. Oct. 8, 1999) (citing Mints v. Education Testing Serv., 99 F.3d 1253, 1260 (3d Cir. 1996)). "Whether to award attorneys fees turns on the reasonableness of the defendant's decision to remove: 'Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. . . . [W]hen an objectively reasonable basis exists, fees should be denied.'" Plevretes v. La Salle Univ., Civ. A. No. 07-5186, 2007 WL 4441220, at *3 (E.D. Pa. Dec. 19, 2007) (alterations in original)

---

No. 13-2880, 2013 WL 3479436, at *2 (E.D. Pa. July 11, 2013) (concluding that the amount in controversy exceeded $75,000 where "punitive damages would have to be more than four times the disputed amount of $13,500").

As an initial matter, we note that AAA uses Plaintiffs' open-ended demand of $50,000 as the amount of compensatory damages that Plaintiffs' seek in order to calculate the likely value of Plaintiffs' claim for punitive damages. However, as discussed above, we determine whether the likely value of Plaintiffs' claims exceeds $75,000 without considering their express demand for a specific sum. See 28 U.S.C. § 1446(c)(2)(A)(ii)-(B). To that end, we have determined that the likely value of Plaintiffs' claims, without factoring punitive damages, are at most $5,883.08. Consequently, AAA would need to prove by a preponderance of the evidence that the likely value of Plaintiffs' claim for punitive damages exceeds $69,116.92. This amount, however, is more than forty-five times the amount of compensatory damages ($1,470.77) available in this case. Cf. Campbell, 538 U.S. at 425 ("[A]n award of more than *four times* the amount of compensatory damages might be close to the line of constitutional impropriety." (emphasis added) (citation omitted)). Moreover, the Complaint does not contain any allegations suggesting that AAA engaged in any particularly egregious act that would justify such a high punitive damages award. See id. ("[Punitive damages to compensatory damages] ratios greater than those we have previously upheld may comport with due process where 'a particularly egregious act has resulted in only a small amount of economic damages.'" (quoting BMW of N. Am., Inc. v. Gore, 517 U.S. 559, 582 (1996))). Under these circumstances, we conclude that AAA has not met its burden of proving by a preponderance of the evidence that Plaintiffs' request for punitive damages would exceed $69,116.92, such that the amount in controversy would exceed the $75,000 threshold to establish federal diversity jurisdiction.

[7] Plaintiffs do not request an award of litigation costs incurred as a result of AAA's removal.

10

(quoting Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005)) (citations omitted).  Because Plaintiffs are proceeding in this case as pro se litigants, we deny Plaintiffs' request for an award of attorneys' fees.  See Latzanich v. James Hardie Bldg. Prod., Inc., Civ. A. No. 3:17-2389, 2018 WL 4275413, at *3 (M.D. Pa. Sept. 7, 2018) ("It is well-settled that pro se litigants are not entitled to recover attorney's fees . . . .") (citing Zucker v. Westinghouse Elec., 374 F.3d 221, 225-30 (3d Cir. 2004)) (additional citations omitted)); Lowe v. Lowe, 110 A.3d 211, 214 (Pa. Super. Ct. 2015) (In Pennsylvania, "the statute governing attorneys' fees . . . does not authorize an award of a pro se equivalent of counsel fees to a *pro se* litigant." (quotation omitted)).

### IV.   CONCLUSION

For the reasons stated above, we grant Plaintiffs' Motion to Remand and deny their related request for attorneys' fees.  Accordingly, we remand this proceeding to the Philadelphia County Court of Common Pleas.

An appropriate order follows.

BY THE COURT:

/s/ John R. Padova
John R. Padova, J.